UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER T. SENESE,

                      Plaintiff,

          - against -

KARL E. HINDLE,

                     Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

11 CV 72 (RJD) (RLM)

DEARIE, District Judge.

        Plaintiff and defendant both proceed pro se.  The Court is in receipt of the comprehensive Report and Recommendation ("R&R") issued by Magistrate Judge Mann on September 9, 2011, which succeeds in creating order out of the disjointed state and federal record in this case.  (See dkt #35.)  Plaintiff submitted objections to the R&R on September 26, 2011.  (Dkt. #36.)  Having reviewed the R&R de novo in light of plaintiff's objections, the Court adopts Judge Mann's findings and conclusions and dismisses the action for lack of personal jurisdiction over defendant.  See 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

        As Judge Mann concludes, defendant's scattered contacts with New York do not satisfy either of the relevant jurisdictional statutes.  See N.Y. C.P.L.R. §§ 301-02.  Because "jurisdiction is statutorily impermissible," moreover, the Court "need not reach the question of its constitutionality."  Best Van Lines v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).  Two points merit brief discussion.

        First, the record contains no basis for plaintiff's assertion that "the New York Supreme Court carefully determined that it had full jurisdiction to oversee the legal matter."  (Opp., dkt. #19, ¶ 6; see also Objections ¶ 12 (declaring that "the state trial judge . . . addressed the jurisdictional issues raised").  The mere fact that the Supreme Court entered orders against

defendant does not mean that it had personal jurisdiction over defendant.  As the R&R recounts, the Supreme Court issued four short orders, the most pertinent being a handwritten Temporary Restraining Order, dated December 20, 2010, and an Order of Arrest and Commitment, dated January 3, 2011.  The Supreme Court entered each of these orders after defendant defaulted in the face of a preceding Order to Show Cause ("OSC").[1]  Although "a court entering a default judgment may assume that it has jurisdiction over the defendant," that assumption "cannot be deemed final" and, accordingly, is open to later attack.  Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 160 (2d Cir. 2005) (internal quotation marks omitted).

Defendant likewise did not subject himself to jurisdiction in New York through litigation conduct in this Court or in the State Supreme Court.  Rather, he has persistently challenged personal jurisdiction as a first line of defense, as mandated by the relevant procedural rules.  See Fed. R. Civ. P. 12(g)(2) & 12(h)(1).  Indeed, plaintiff concedes that defendant "did not appear in court" or "file any motions" in state court.[2]  (Opp. ¶ 20.)  Furthermore, defendant's removing the case to federal court "does not waive any Rule 12(b) defenses," including lack of personal jurisdiction.  Cantor Fitzgerald L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996); see also Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal.").  By submission dated February 14, 2011, defendant requests a transfer of venue on grounds that, as Judge Mann notes, are reasonably understood as a challenge a challenge to personal jurisdiction.  Defendant also moves to vacate the Supreme Court's orders for other reasons, but he offers these

---

[1] In his objections, plaintiff mistakenly characterizes the OSCs as Temporary Restraining Orders.

[2] That is not entirely accurate:  after being served with the first OSC, dated December 10, 2010, defendant responded with a "Motion for Summary Dismissal with Prejudice Due to Lack of Jurisdiction," which the state court rejected for a failure to pay the filing fee.  (Dkt. #31-2.)

arguments "notwithstanding the outstanding motion to transfer venue." (Def. Mot. to Quash, dkt. #9, at 1.) Defendant's attack on personal jurisdiction is thus proper in all material respects.

Second, dismissal is the preferable course under the circumstances. The Court is mindful that "lack of personal jurisdiction c[an] be cured by transfer to a district in which personal jurisdiction could be exercised." SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000). A suitable venue would be the Eastern District of Virginia, where defendant resides. But plaintiff strenuously argues against being forced to litigate this case in Virginia. (See Opp. ¶ 62 (arguing that litigating in Virginia "would be a tremendous hardship" and that there is "no legal basis for such a transfer").) The Court also hesitates to force plaintiff to remain in federal court, a forum not of his choosing. To the extent that his claims may be untimely should he change his mind and re-file them in Virginia state court, see Va. Code Ann. § 8.01-247.1 (affixing a one-year limitations period for "[e]very action for injury resulting from libel, slander, insulting words or defamation"), plaintiff should have weighed the likelihood of this scenario before electing to file suit in a forum convenient to him but alien to defendant.

The TRO, civil contempt order and arrest warrant issued by the state court are accordingly vacated. The parties' remaining motions are denied as moot. The Clerk of Court is directed to close the case.


SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2011

                                                  s/ Judge Raymond J. Dearie
                                                 _____
                                                 RAYMOND J. DEARIE
                                                 United States District Judge